UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Artie Burns,<br><br>　　　　　　　Petitioner,<br>vs.<br>D. Bush,<br><br>　　　　　　　Respondent. | Civil Action No.: 8:13-3392-BHH<br><br>**Opinion and Order** |

　　　　The petitioner Artie Burns ("the petitioner" or "Burns"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation. Magistrate Judge Austin recommends that the respondent's motion for summary judgment be granted. (ECF No. 30.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

　　　　The petitioner filed this action against the respondent alleging *inter alia* ineffective assistance of counsel. On December 22, 2014, the Magistrate Judge issued a Report and Recommendation (Report) recommending that the respondent's motion for summary judgment be granted. (ECF No. 30 at 47.) On January 6, 2015 the respondent filed an objection to the Report (ECF No. 36) challenging the Magistrate Judge's consideration of the merits of some of the petitioner's claims. On January 15, 2015, the plaintiff filed objections (ECF No. 40), and on February 9, 2015, the plaintiff filed an amendment to his objections (ECF No. 43).

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). This Court

may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

**The Respondent's Objections**

The respondent's objection alleges that the Magistrate Judge erred in three ways:

1. by construing the *pro se* document filed July 16, 2010 with the Dillon County Clerk of Court in the 2009 post-conviction relief action titled "Amended Post Conviction Application," as an actual amendment sufficient to present claims in the PCR action" (ECF No. 30 at 38-39);
2. by reporting that the respondent argued Ground Five was defaulted, (ECF No. 30 at 38); and

3. by reporting that the respondent argued Ground Eight was defaulted as the *pro se* filing was an ineffective amendment, (ECF No. 30 at 45).

With regard to the respondent's first argument, the respondent presented this argument to the Magistrate Judge, but she rejected it, looking to a similar situation in *Atkins v. Moore*, 139 F.3d 887 (4th Cir. 1998) where the Fourth Circuit held that the district court erred in finding that the petitioner defaulted on a claim that he had presented to the South Carolina Supreme Court in a pro se supplemental petition, on which the Supreme Court did not explicitly rule.  The Fourth Circuit held that the claim had been exhausted and that it could be treated as defaulted only "if the state court actually relied on a state procedural rule in denying relief." *Id* at *4 n.6.  The respondent did not address the Magistrate Judge's reliance on Atkins or cite other Fourth Circuit authority to support the claim that the Magistrate Judge erred.  Furthermore, the respondent agrees with the Magistrate Judge that the individual claims lack merit, the respondent simply argues that the Magistrate Judge should never have had to consider them in the first place.  The respondent has failed to demonstrate that the Magistrate Judge erred in considering the claims, and the respondent's first objection is overruled.

Turning to the respondent's second objection, the respondent argues that the Magistrate Judge misunderstood the respondent's argument and indicated that the respondent was arguing that ground five was defaulted.  The Magistrate Judge found that ground five was not defaulted and ruled on the merits in respondent's favor, and the respondent does not appear to take issue with the recommended disposition.  The Court agrees with the Magistrate Judge that ground five was properly considered, but

that the petitioner's argument lacks merit. Accordingly, the Court will not adopt the portion of the Report that indicates that the respondent argued that ground five was defaulted.

Finally, the respondent argues that the Magistrate Judge misconstrued the respondent's argument regarding the reason that ground eight should have been considered defaulted and that the Magistrate Judge should not have considered the merits of ground eight. Out of an abundance of caution, this Court agrees with the Magistrate Judge that ground eight was properly before the Court. The Court agrees with both the Magistrate Judge and the respondent that ground eight lacks merit. Accordingly, the respondent's objection is overruled.

**The Petitioner's Objections**

The petitioner objects to the Report in his objection (ECF No. 40) and his amended objection (ECF No. 43). The Court has carefully reviewed each of these documents and finds the petitioner's arguments unpersuasive. The petitioner does not direct the Court to any error in the Magistrate Judge's analysis, but rather rehashes claims already raised in his petition and arguments that were thoroughly presented in his 54-page opposition to the motion for summary judgment. The Magistrate Judge more than adequately addressed these arguments in her thorough and well-reasoned Report, and after *de novo* review of the Report and the record, the Court fully agrees with her analysis. The petitioner's objections, while verbose, provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition and must be overruled.

**CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules the respondent's objections, overrules the petitioner's objections and, adopts the Magistrate Judge's Report and Recommendation. Except for the minor modification explained with regard to the respondent's second objection, the Report and Recommendation is incorporated herein by reference.  It is therefore

ORDERED that respondent's motion for summary judgment (ECF No. 12) is GRANTED,

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 23, 2015
Greenville, South Carolina

7